UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07CR258-W

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| (1) SALLIE WAMSLEY-SAXON, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §982, 18 U.S.C. §2428, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c):

(a) approximately $55,780 in United States currency seized on or about November 2-5, 2007;

(b) 13 gold coins valued at $10,478.00 and miscellaneous jewelry valued at $37,778.38, seized on or about November 2-5, 2007;

(c) real property located at 5840 Coatbridge Lane, Charlotte, North Carolina, as more particularly described in a deed recorded at Book 15608, Page 20, in the Mecklenburg County Public Registry;

(d) approximately $2,352.07, consisting of the following Green Dot card and account balance in the name listed, seized on or about November 2, 2007:

   account #xxxxxxxxxxxx9007    DONALD V. SAXON III;

(e) approximately $464,267.62, consisting of the following Wachovia Securities account balances in the names listed, seized on or about November 2, 2007:

   account #xxxxx4585    SALLIE M. WAMSLEY IRA
   account #xxxxx3826    SALLIE WAMSLEY
   account #xxxxx2591    DONALD V. SAXON IRA
   account #xxxxx9760    SALLIE M. WAMSLEY JT WROS
   account #xxxxx0314    SALLIE M. WAMSLEY SEP IRA;

(f) approximately $146,695.24, consisting of the following SunTrust account balances in the names listed, seized on or about November 2, 2007:

    account #xxxxxxxxx6488    SOFT TOUCH PROMOTIONS INC
    account #xxxxxxxxx5276    SOFT TOUCH PROMOTIONS INC
    account #xxxxxxxxx4792    SOFT TOUCH PROMOTIONS INC
    account #xxxxxxxxx1534    SALLIE M. WAMSLEY;

(g) one 2007 Toyota 4Runner, VIN JTEBU14R678105600, registered to Donald Saxon; and,

(h) a monetary judgment in the amount of $3 million ($3,000,000), which sum represents proceeds obtained, directly or indirectly, from violation(s) of Title 18, United States Code, as charged in the indictment;

    2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

    3. a forfeiture money judgment in the amount of $3 million ($3,000,000) shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

    4. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

    5. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

    6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

    The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
KEITH CAVE
Assistant United States Attorney

_____
THOMAS CULLEN
Assistant United States Attorney


_____
SALLIE WAMSLEY-SAXON
Defendant

_____
NOELL P. TIN
Attorney for Defendant

Signed this the 16th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE